**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————

|  |  |  |
|---|---|---|
| PABLO BRUM, BRIANNA BULSKI, | : | |
| KJERSTI FARET, SARA M. LYONS, | : | Case No.: 1:18-cv-05399-JMF-KNF |
| MARISA RAVEL, AND KATIE THIERJUNG | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| PARAGON DESIGN CORP, | : | |
| STEVEN MADDEN, LTD., AND | : | |
| ZULILY LLC, | : | |
| | : | |
| Defendants. | : | |

———————————————————————

## <u>DECLARATION OF ANDREW GERBER IN SUPPORT OF<br>MOTION TO ENFORCE SETTLEMENT</u>

Andrew Gerber, an attorney duly admitted to practice law before the Courts of the State of New York, hereby states:

1.     I am a Member of the law firm Kushnirsky Gerber PLLC, and counsel to Plaintiffs Pablo Brum, Brianna Bulski, Kjersti Faret, Sara M. Lyons, Marisa Ravel, and Katie Thierjung ("Plaintiffs"). I am familiar with the relevant facts and circumstances set forth herein, and submit this Declaration in support of Plaintiffs' motion to enforce the settlement agreement as Defendant Paragon Design Corp. ("Paragon") that was reached at the October 24, 2018 settlement conference before Judge Fox (the "Settlement Conference").

2.     This action commenced on June 14, 2018 with the filing of the Complaint in which Plaintiffs asserted claims for copyright infringement and removal of and use of false copyright management information against Paragon and other defendants. ECF No. 1.

3.     On October 24, 2018, the parties attended a scheduled settlement conference before the Honorable Kevin Fox (the "Settlement Conference").

4.      At the Settlement Conference, Plaintiffs and Paragon reached an agreement on settlement and the material terms of the settlement agreement were read into the record in open Court.

5.      A true and correct copy of the Transcript of the October 24, 2018 Settlement Conference (hereinafter, "Transcript" or "Tr.") is attached hereto as <u>Exhibit A</u>.

6.      After the parties reached an agreement on the material terms of settlement, Paragon's representative Mr. Kim wanted to make a phone call to ensure that the material terms of the agreement could be finalized and placed on the record.  Tr., p. 7.  The Court was briefly in recess while Mr. Kim made the phone call.

7.      Following his return, the Court went "back on the record with the material terms of the parties' respective agreements."  Tr., p. 8.

8.      The Court then asked me: "Do you indicate with respect to Paragon Design Corporation the material terms of the agreement that your clients have reached with it to resolve the parties' dispute?"  I responded "Yes, Your Honor" and proceeded to read into the record the agreed-upon terms of the settlement agreement.  Tr., p. 8.

9.      Other than the Thirty-Five Thousand Dollar ($35,000) settlement amount that was already agreed upon, the remaining material terms of the settlement agreement were as follows:

(a) Paragon represents and warrants that the document provided by their attorney to us in an e-mail dated October 19th, 2018 is complete and accurate as to sales of the pins at issue in this Action;

(b) Plaintiffs release Paragon for conduct to the effective date of the settlement agreement at to the items circled and sale identified for those items in the document that counsel for Paragon provided to plaintiff counsel on October 19th, 2018;

(c) Payment from both defendants to be received by counsel for plaintiffs within 10 calendar days of the effective date of the agreement; and

(d) In the event of any action to enforce any material terms of the agreement, the prevailing party shall recover reasonable attorney's fees and costs in connection with such action

Tr., pp. 8-9.

10.     I then confirmed: "That's the extent of the material terms we've agreed upon" with respect to Paragon.  Tr., p. 9.

11.     The Court then asked Mr. Skolnik, counsel for Paragon: "Mr. Skolnik, was the recitation made by the plaintiff's counsel in harmony with your client's understanding of material terms and conditions under which your clients agreed to resolve its dispute with the plaintiffs?"  Tr., p. 9.

12.     Mr. Skolnik, counsel for Paragon, responded: "It was, Your Honor, with one exception, which was that I believe the representation was that the payment will be made within 10 days of the effective date of the agreement.  Unless we know what the effective date is, it seems to me that it should be within 10 days of the execution date."  Tr., p. 9.

13.     I confirmed that this was acceptable to Plaintiffs.  Tr., p. 10.

14.     The Court then asked Paragon counsel: "Mr. Skolnik, are there any other terms and conditions under which your client have agreed to resolve their dispute with the plaintiff?"  Mr. Solnick responded: "No, Your Honor, that covers it."  Tr., p. 10 (emphasis added).

15.     The Court then asked me: "are there any other material terms and conditions under which your clients have agreed to resolve their dispute with Paragon

3

Design, that is, other than those you recited as modified by Mr. Skolnik moments ago?"
Tr., p. 10.  I responded: "There are not."  Tr., p. 10.

16.     Following the settlement conference, I began drafting agreements with
Paragon and Zulily that memorialized the settlement agreement the parties reached in
Court that afternoon.

17.     The following afternoon, Mr. Skolnik, counsel for Paragon, emailed me
and stated: "before I will permit [Paragon] to execute a settlement agreement, I must
receive either (1) whatever proof you believe establishes inaccuracy of the sales report,
or (2) your confirmation that the settlement agreement will contain language confirming
plaintiffs' acceptance of the report's accuracy as final and equivalent to res judicata."
Skolnik October 25, 2018 3:37 p.m. Email in the October 25-26, 2018 Skolnik-Gerber
Email Exchange (the "Skolnik-Gerber Emails"), a true and correct copy of which is
attached hereto as Exhibit B.  The parts of the Skolnik-Gerber Emails that relate to off-
the-record discussions at the Settlement Conference are confidential and inadmissible,
are not relevant to the instant motion, and have been redacted accordingly.

18.     That evening, I responded: "We cannot possibly accept the accuracy of the
numbers provided.  Our agreement on this settlement was based upon the numbers your client
provided and his representation that these numbers were accurate… We absolutely cannot agree
to the additional terms you mention below."  October 25, 2018, 6:51 p.m. Gerber Email in
the Skolnik-Gerber Emails.

19.     Mr. Skolnik responded that I "put up or shut up."  October 25, 2018, 6:56
p.m. Skolnik Email in the Skolnik-Gerber Emails.

20.     Following a further exchange of emails, Mr. Skolnik confirmed that "If the draft agreement you prepare leaves this possibility open, it will not be signed by Paragon."  October 25, 2018, 9:35 p.m. Skolnik Email in the Skolnik-Gerber Emails.

21.     The following morning, I responded: "Based on your emails, it is clear that Paragon is not going to honor the settlement that was reached and read into the record at the settlement conference with Judge Fox."  October 26, 2018, 8:35 a.m. Gerber Email in the Skolnik-Gerber Emails.

22.     Mr. Skolnik later confirmed that Paragon would not accept any settlement without Plaintiffs' agreeing to accept Paragon's additional terms.  October 26, 2018, 1:37 p.m. Skolnik Email in the Skolnik-Gerber Emails.

23.     Based on the foregoing, Paragon has made it clear that they are refusing to honor the settlement agreement as agreed-to at the Settlement Conference and have anticipatorily breached the settlement agreement agreed to there and read into the record.

24.     Plaintiffs respectfully request that the Court grant their motion to enforce the settlement agreement and award attorneys' fees, costs, interest, and whatever additional relief the Court deem just and proper.

I declare under penalty of perjury under the laws of United States of America that the foregoing statements are true and correct.


Dated:  New York, New York
          October 30, 2018

_____
Andrew Gerber

# EXHIBIT A

```
                   UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK

In re:
                                    :
BRUM, et al.,                          Docket #18cv5399
                                    : 1:18-cv-05399-JMF
             Plaintiffs,
                                    :
         - against -
                                    :

PARAGON DESIGN GROUP, et al.,       :  New York, New York
                                       October 24, 2018
             Defendants.            :

--------------------------------:


                    PROCEEDINGS BEFORE
                 THE HONORABLE KEVIN N. FOX
          UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiffs:         KUSHNIRSKY GERBER PLLC
                        BY:  ANDREW ISAAC GERBER, ESQ.
                        27 Union Square West, Suite 301
                        New York, New York 10003
                        (212) 882-1320

For Defendant           CLARK GULDIN, ATTORNEYS AT LAW
 Paragon Design Corp:   BY:  PETER L. SKOLNIK, ESQ.
                        20 Church Street, Suite 15
                        Montclair, New Jersey 07042
                        (973) 476-5625




Transcription Service:  Carole Ludwig, *TranscriptionServices*
                        141 East Third Street #3E
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Fax:  (212) 420-6007


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

Appearances cont'd

For Defendant Zulily:     DAVIS WRIGHT TREMAINE LLP
                          BY:  GEOFFREY STUART BROUNELL, ESQ.
                          1251 Avenue of the Americas
                          New York, New York 10020
                          (212) 489-8230

<u>**INDEX**</u>

<u>**E X A M I N A T I O N S**</u>

|  |  |  | **Re-** | **Re-** |
|---|---|---|---|---|
| <u>**Witness**</u> | <u>**Direct**</u> | <u>**Cross**</u> | <u>**Direct**</u> | <u>**Cross**</u> |
| None |  |  |  |  |

<u>**E X H I B I T S**</u>

| **Exhibit** |  |  |  | **Voir** |
|---|---|---|---|---|
| <u>**Number**</u> | <u>**Description**</u> | <u>**ID**</u> | <u>**In**</u> | <u>**Dire**</u> |
| None |  |  |  |  |

```
 1                                                            4

 2              THE CLERK:   Brum, et al. versus Paragon Design

 3     Corp., et al., case number 18cv5399.   Counsel, please

 4     state your appearance and introduce all the parties with

 5     you today, including any of the phone participants who are

 6     here on your behalf.

 7              HONORABLE KEVIN N. FOX (THE COURT):   Sir, would

 8     you remain seated and pull the microphone close to you so

 9     the telephone participants can hear everything you want to

10     say clearly.

11              MR. ANDREW ISAAC GERBER:   Yes, Your Honor, good

12     afternoon, this is Andrew Gerber, Kushnirsky Gerber Law

13     Firm on behalf of the plaintiffs.   I have next to me,

14     Kjersti Faret.   She is one of the plaintiffs in the

15     action.   Also on the phone is Pablo Brum.   He is another

16     one of the plaintiffs in the action, and they are

17     representing all plaintiffs, as we agreed.   And also at

18     the table is Penelope Fisher-Birch and Ilyan Kushnirsky on

19     behalf of plaintiffs.

20              THE COURT:   Good afternoon to all of you.

21              MR. PETER L. SKOLNIK:   Good afternoon, Your

22     Honor.   I'm Peter Skolnik of Clark Guldin, counsel for

23     Paragon Design Corp., the defendant.   With me is Mr. Jay

24     Kim, president to Paragon.

25              MR. GEOFFREY STUART BROUNELL:   Good afternoon,
```

                                                                5

2  Your Honor.  My name is Geoff Brounell.  I'm here on

3  behalf of Zulily from Davis Wright Tremaine.  On the phone

4  is my co-counsel Ambika K. Doran.  From (inaudible) and CL

5  office and also is Zulily's associate general counsel,

6  Laura Malone (phonetic).

7          THE COURT:   You say the last name's Malone?

8          MR. BROUNELL:   Malone, Laura Malone.

9          THE COURT:   Thank you.  Good afternoon to all

10 of you.  For those of you participating by telephone, if

11 you're not able to hear clearly at any point, please make

12 that known, and we will try to make adjustments so that

13 you can participate fully with us this afternoon.

14          First, I want to apologize to you.  A conference

15 that preceded yours went longer than was anticipated and

16 so it cut into the time that I set aside of you.

17 Notwithstanding, I am now prepared to turn my attention

18 fully to you this afternoon and proceed throughout the

19 afternoon until we reach resolution.

20          For the parties who are participating, your

21 counsel have access procedures under which we shall be

22 operating this afternoon.  Those of you in the courtroom

23 and I will move to a different space in a moment.  Once we

24 do so, I shall invite counsel to each party to make a

25 brief statement to me of the things counsel believe I need

```
 1                                                          6
 2  to know to try to help you resolve your dispute today.
 3  And I shall be meeting with one side outside of the
 4  presence of the other.  And during those sessions, that
 5  which is said to me will be kept in confidence unless I'm
 6  allowed to reveal it to the other side in whole or in
 7  part.  And we'll continue in that manner until, as I
 8  indicated before, we reach resolution later this
 9  afternoon.
10          I'm speaking in positive terms because I'm
11  hopeful that we'll be able to reach a resolution this
12  afternoon.  But there are occasions when a session like
13  this is convened where parties are not able to resolve
14  dispute.  And if that should happen today, no one should
15  go away from the session thinking that you are a bad
16  person because the matter's not resolved.  That's just the
17  nature of this.
18          So Ms. Middy (phonetic) will show those of you
19  in the courtroom to the space, and we'll spend the balance
20  of the afternoon.  Those of you who are on the phone will
21  be on hold for a few moments while we move to a different
22  space.  Then we'll engage the phone and we'll get
23  underway.
24          THE CLERK:  This is a continuation of the
25  settlement conference in the matter of Brum, et al. versus
```

1

2  Paragon Design Corp., et al., case number 18cv5399.

3          THE COURT:   The parties assembled for a

4  settlement agreement and have determined to resolve their

5  dispute.  Mr. Gerber, you indicate the terms and

6  conditions, the material terms and conditions, under which

7  the plaintiffs have agreed to resolve their disputer,

8  first with defendant Paragon Design Corporation.

9          MR. GERBER:   Yes, Your Honor.  Paragon agrees

10 to represent the (inaudible) that the document provided by

11 Paragon counsel --

12          FEMALE VOICE:   Sorry to cut you off, but I

13 don't think (inaudible) can hear what's being said.

14          THE CLERK:   Hold on just a moment, please.

15          FEMALE VOICE:   Okay.  Thank you.

16          THE COURT:   Are the telephone participants able

17 to hear?

18          FEMALE VOICE:   I can hear you.

19          THE COURT:   All right.  We have to have a brief

20 recess.  Paragon Design Corporation's representative Mr.

21 Kim needs to make a phone call to insure that we can place

22 the material terms of the agreement on the record at this

23 juncture.  So we'll be in recess.  Mr. Skolnik, how long

24 will it take for your client to make the call he needs to

25 make?

8

1

2          MR. SKOLNIK:   Five minutes, Your Honor.

3          THE COURT:   All right.   We'll be in recess for

4   about five minutes.   And as soon as Mr. Kim is back with

5   us and ready to go forward, we'll go back on the record

6   with the material terms of the parties' respective

7   agreements.

8          (recess)

9          THE COURT:   All right.   Let me return to Mr.

10  Gerber.   Do you indicate with respect to Paragon Design

11  Corporation the material terms of the agreement that your

12  clients have reached with it to resolve the parties'

13  dispute?

14         MR. GERBER:   Yes, Your Honor.   Paragon

15  represents and warrants that the document provided by

16  their attorney to us in an e-mail dated October 19th, 2018

17  that will be attached to the settlement agreement as

18  Exhibit A, is complete and accurate as to sales of the

19  pens at issue in this action.

20           Plaintiffs release Paragon for conduct to the

21  effective date of the settlement agreement at to the items

22  circled and sale identified for those items in the

23  document attached to Exhibit A.

24         THE COURT:   That's Exhibit A to what item?

25         MR. GERBER:   To the settlement agreement --

```
 1
 2              THE COURT:   Thank you.
 3              MR. GERBER:   -- which will be the document that
 4   counsel for Paragon provided to plaintiff counsel on
 5   October 19th, 2018.  Payment from both defendants to be
 6   received by counsel for plaintiffs within 10 calendar days
 7   of the effective date of the agreement.  In the event of
 8   any action to enforce any material terms of the agreement,
 9   the prevailing party shall recover reasonable attorney's
10   fees and costs in connection with such action.  That's the
11   extent of the material terms we've agreed upon.
12              THE COURT:   With respect to defendant Paragon
13   Design Corporation.
14              MR. GERBER:   Correct, Your Honor.
15              THE COURT:   Mr. Skolnik, was the recitation
16   made by the plaintiff's counsel in harmony with your
17   client's understanding of material terms and conditions
18   under which your clients agreed to resolve its dispute
19   with the plaintiffs?
20              MR. SKOLNIK:   It was, Your Honor, with one
21   exception, which was that I believe the representation was
22   that the payment will be made within 10 days of the
23   effective date of the agreement.  Unless we know what the
24   effective date is, it seems to me that it should be within
25   10 days of the execution date.
```

                                                                    10

 2              MR. GERBER:   That's acceptable to plaintiffs.

 3              THE COURT:   Mr. Skolnik, are there any other

 4     terms and conditions under which your client have agreed

 5     to resolve their dispute with the plaintiff?

 6              MR. SKOLNIK:   No, Your Honor, that covers it.

 7              THE COURT:   Mr. Gerber, are there any other

 8     material terms and conditions under which your clients

 9     have agreed to resolve their dispute with Paragon Design,

10     that is, other than those you recited as modified by Mr.

11     Skolnik moments ago?

12              MR. GERBER:   There are not.

13              THE COURT:   Let's turn to the defendant Zulily.

14     Mr. Gerber, you indicate the material terms and conditions

15     under which your clients have agreed to resolve their

16     dispute with that defendant?

17              MR. GERBER:   Your Honor, there's only the

18     payment timing that payment from Zulily will be due to be

19     received by plaintiff's counsel within 10 calendar days of

20     the execution of the agreement.

21              THE COURT:   Is there an amount that needs to be

22     paid by Zulily to your client?

23              MR. GERBER:   It's $6,000.

24              THE COURT:   Ms. Doran and Mr. Brounell, are

25     there any other terms and conditions, material terms and

conditions, under which your client has agreed to resolve

its dispute with the plaintiffs, other than those recited

by Mr. Gerber moments ago regarding payment terms?

             MR. BROUNELL:   No, Your Honor.

             THE COURT:   Mr. Gerber, are there any other

terms and conditions under which your clients have agreed

to resolve their dispute with defendant Zulily, other than

those you've indicated a moment ago?

             MR. GERBER:   There are not, Your Honor.

             THE COURT:   When is it that the parties expect

to submit a stipulation to the assigned district judge?

             MR. BROUNELL:   Assuming -- actually, Your

Honor, I'm sorry.  And I wanted to put on the record the

agreement to stay discovery for two weeks and the

execution of the settlement agreement, if Andrew agrees to

that.

             MR. GERBER:   We had agreed to that.

             THE COURT:   That's an agreement between the

plaintiffs and the defendant Zulily?

             MR. GERBER:   That's correct, Your Honor.

             THE COURT:   Let me return to my question.  When

is it that the parties expect to submit a stipulation to

the assigned district judge?

             MR. SKOLNIK:   Excuse me, Your Honor --

1                                                                    12

2              THE COURT:   Yes, to Mr. Skolnik.

3              MR. SKOLNIK:   -- although it had not been

4    previously discussed, there's some outstanding discovery

5    from plaintiffs to Paragon as well, and I believe that

6    that also should be stayed under the same circumstances.

7              THE COURT:   What is defendant -- excuse me --

8    what is the plaintiff's position on the position taken by

9    Paragon Design Corporation regarding discovery that's

10   outstanding?

11             MR. GERBER:   Plaintiffs agree to grant Paragon

12   the same extension of two weeks from (inaudible).

13             FEMALE VOICE:   Your Honor?

14             THE COURT:   Yes.

15             FEMALE VOICE:   Sorry, we did not hear the last

16   two minutes of what happened in the courtroom, I don't

17   think.

18             THE COURT:   Mr. Skolnik, would you repeat the

19   statements that you made a moment ago, please.

20             MR. SKOLNIK:   Yes, Your Honor, I --

21             THE COURT:   Hold the microphone close to you,

22   please.

23             MR. SKOLNIK:   I suggested that along with the

24   agreement, that Zulily's discovery responses to plaintiffs

25   would be suspended for two days (sic) if that (inaudible)

```
 1                                                13
 2  Paragon.
 3          THE COURT:   Two weeks, I believe.
 4          MR. SKOLNIK:   I'm sorry, two weeks, and I
 5  believe Mr. Gerber agreed.
 6          THE COURT:   Were you able to hear Mr. Skolnik,
 7  those of you on the telephone?
 8          FEMALE VOICE:   Yes, we can, although I didn't
 9  hear if Zulily accepted the -- if Mr. Brounell accepted
10  for Zulily or not.
11          THE COURT:   Yes, he did.
12          MR. BROUNELL:   I accepted on behalf of Zulily
13  and asked to put on the record the stay of discovery for
14  two weeks on behalf of Zulily.
15          FEMALE VOICE:   Sorry, but yes, I heard that
16  Your Honor.  Thank you.
17          MR. GERBER:   Going back to Your Honor's I
18  believe ending question about the stipulation, we could
19  agree to file a stipulation within 30 days of the date of
20  execution on the settlement agreement.
21          THE COURT:   What's the position of the other
22  parties?
23          MR. SKOLNIK:   It seems like the stipulation
24  settlement should be able to filed much sooner than that.
25  I mean, it should be able to be filed shortly after the
```

14

settlement agreement is executed.  I'm curious if Mr.

Gerber's anticipating the stipulation and settlement that

does more than say in effect it is stipulated by the

parties if this matter is amicably resolved.  Is he going

to attach a copy of the settlement agreement?  Sometimes

they do, sometimes they don't.

MR. GERBER:  We do not intend to do so.  My

concern is that complete payment from all parties is

received by plaintiff's counsel before we file the stip of

dismissal.  So given that there is a 10-calendar-day

period for doing so, we can agree to, let's say 15

calendar days after receiving a fully executed settlement

from all defendants.

MR. SKOLNIK:  Or five days after the receipt of

the payments, I mean --

MR. GERBER:  That's acceptable as well, I

think, to accomplish the exact same result.

THE COURT:  What's Zulily's position?

MR. BROUNELL:  Five days after receipt of

payment is acceptable.

THE COURT:  All right.  Is there anything else

that we need to address this afternoon?

MR. GERBER:  Not for plaintiffs, Your Honor.

MR. SKOLNIK:  Not from Paramont's perspective.

```
 1                                                    15
 2          MR. BROUNELL:   And not from Zulily.  Thank you,
 3  Your Honor, for you time.
 4          THE COURT:   Thank you.  Good day.  We thank
 5  those of you on the telephone.
 6                 (Whereupon the matter is adjourned.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

16

C E R T I F I C A T E

        I, Carole Ludwig, certify that the foregoing
transcript of proceedings in the Brum et al. v. Paragon
Design Corp. et al., docket number 18cv5399, was prepared
using digital electronic transcription equipment and is a
true and accurate record of the proceedings.

Signature_____

Date:  October 29, 2018

# EXHIBIT B

**Subject:** Re: Question
**From:** Andrew Gerber <andrew@kgfirm.com>
**Date:** 10/26/2018 3:26 PM
**To:** Peter Skolnik <pskolnik@clarkguldin.com>
**CC:** Ilya Kushnirsky <ilya@kgfirm.com>, "penelope@kgfirm.com" <penelope@kgfirm.com>


Peter,

There is an expectation that attorneys will generally conduct themselves professionally and treat each other respectfully and courteously.   As your emails have now repeatedly evidenced your unwillingness to do so, we will no longer be communicating with you directly until and unless you confirm that your tone and demeanor will be changing.


--
Andrew Gerber

**KG LAW** /// Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003

e: andrew@kgfirm.com

o: (212) 882-1320
w: kgfirm.com

To ensure compliance with requirements imposed by U.S. Treasury Regulations, Kushnirsky Gerber PLLC informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, please delete the message and attachments without printing, copying, forwarding, or saving them, and please notify the sender immediately.


On 10/26/2018 1:37 PM, Peter Skolnik wrote:

████████████████████████████████████████████████████

██████████████████████████████████████ If so, we have a settlement; if not, we don't.

Peter L. Skolnik, LLC
Of Counsel
Clark Guldin

20 Church Street
Suite 15
Montclair, NJ 07042
direct: (973) 474-2311
mobile: (973) 476-5625
pskolnik@clarkguldin.com
http://clarkguldin.com/peter-l-skolnik/

This message contains confidential information, intended only for the person(s) named above, which may also be privileged. Any use, distribution, copying or disclosure by any other person is strictly prohibited. In such case, you should delete this message and kindly notify the sender via reply e-mail. Please advise immediately if you or your employer does not consent to Internet e-mail for messages of this kind.

Sent from my iPhone 8+

On Oct 26, 2018, at 8:36 AM, Andrew Gerber <andrew@kgfirm.com> wrote:

Peter,

Based on your emails, it is clear that Paragon is not going to honor the settlement that was reached and read into the record at the settlement conference with Judge Fox.

--
Andrew Gerber

**KG LAW** /// Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003

e: andrew@kgfirm.com

o: (212) 882-1320
w: kgfirm.com

To ensure compliance with requirements imposed by U.S. Treasury Regulations, Kushnirsky Gerber PLLC informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, please delete the message and attachments without printing, copying, forwarding, or saving them, and please notify the sender immediately.

On 10/25/2018 9:35 PM, Peter Skolnik wrote:

If the draft agreement you prepare leaves this possibility open, it will not be signed by Paragon.

Be guided accordingly.

Peter L. Skolnik, LLC
Of Counsel
Clark Guldin
20 Church Street
Suite 15
Montclair, NJ 07042
direct: (973) 474-2311
mobile: (973) 476-5625
pskolnik@clarkguldin.com
http://clarkguldin.com/peter-l-skolnik/

This message contains confidential information, intended only for the person(s) named above, which may also be privileged. Any use, distribution, copying or disclosure by any other person is strictly prohibited. In such case, you should delete this message and kindly notify the sender via reply e-mail. Please advise immediately if you or your employer does not consent to Internet e-mail for messages of this kind.


Sent from my iPhone 8+

On Oct 25, 2018, at 8:44 PM, Andrew Gerber <andrew@kgfirm.com> wrote:


Peter,

We are preparing the Settlement Agreement draft for your review.


--
Andrew Gerber

**KG LAW** /// Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003

e: andrew@kgfirm.com

o: (212) 882-1320
w: kgfirm.com

To ensure compliance with requirements imposed by U.S. Treasury Regulations, Kushnirsky Gerber PLLC informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, please delete the message and attachments without printing, copying, forwarding, or saving them, and please notify the sender immediately.


On 10/25/2018 7:06 PM, Peter Skolnik wrote:

Peter L. Skolnik, LLC
Of Counsel
Clark Guldin
20 Church Street
Suite 15
Montclair, NJ 07042
direct: (973) 474-2311
mobile: (973) 476-5625
pskolnik@clarkguldin.com
http://clarkguldin.com/peter-l-skolnik/

This message contains confidential information, intended only for the

person(s) named above, which may also be privileged. Any use,
distribution, copying or disclosure by any other person is strictly
prohibited. In such case, you should delete this message and kindly notify
the sender via reply e-mail. Please advise immediately if you or your
employer does not consent to Internet e-mail for messages of this kind.

Sent from my iPhone 8+

On Oct 25, 2018, at 7:00 PM, Andrew Gerber <andrew@kgfirm.com> wrote:

> Peter,
>
> Your tone is utterly unprofessional and improper.
>
> ████████████████████████████████████████
>
> If you are now refusing to settle on these material terms, you are
> rescinding the settlement we agreed to yesterday.  If that's the case,
> please let me know immediately so we can inform the Court.
>
>
> --
>
> Andrew Gerber
>
> **KG LAW** /// Kushnirsky Gerber PLLC
> 27 Union Square West, Suite 301
> New York, NY 10003
>
> e: andrew@kgfirm.com
>
> o: (212) 882-1320
> w: kgfirm.com

To ensure compliance with requirements imposed by U.S. Treasury Regulations, Kushnirsky
Gerber PLLC informs you that any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to be used, and cannot be used,
for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing, or recommending to another party any transaction or matter
addressed herein.

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, please delete the message and attachments without printing, copying, forwarding, or saving them, and please notify the sender immediately.

On 10/25/2018 6:56 PM, Peter Skolnik wrote:

> Andrew:
>
> ██████████████████████████ I'm asking you to put up or shut up. ████████████████████████
> ███████████████████████████████████████████
>
> Peter L. Skolnik, LLC
> Of Counsel
> Clark Guldin
> 20 Church Street
> Suite 15
> Montclair, NJ 07042
> direct: (973) 474-2311
> mobile: (973) 476-5625
> pskolnik@clarkguldin.com
> http://clarkguldin.com/peter-l-skolnik/
>
> This message contains confidential information, intended only for the person(s) named above, which may also be privileged. Any use, distribution, copying or disclosure by any other person is strictly prohibited. In such case, you should delete this message and kindly notify the sender via reply e-mail. Please advise immediately if you or your employer does not consent to Internet e-mail for messages of this kind.
>
> Sent from my iPhone 8+
>
> On Oct 25, 2018, at 6:52 PM, Andrew Gerber <andrew@kgfirm.com> wrote:
>
>> Peter,
>>
>> ████████████████████████████████████████████████████████
>> ████████████████████████████████████████████████████████
>> ████████████████████████████████████████████████████████
>> ████████████████████████████████████████████████████████

We are preparing a draft settlement agreement that includes the material settlement terms we agreed to and read into the record yesterday.  We absolutely cannot agree to the additional terms you mention below, for reasons discussed above.


--

Andrew Gerber

**KG LAW** /// Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003

e: andrew@kgfirm.com

o: (212) 882-1320
w: kgfirm.com

To ensure compliance with requirements imposed by U.S. Treasury Regulations, Kushnirsky Gerber PLLC informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, please delete the message and attachments without printing, copying, forwarding, or saving them, and please notify the sender immediately.

On 10/25/2018 3:37 PM, Peter Skolnik wrote:

Andrew:



Paragon needs this settlement to establish repose. Accordingly, before I will permit them to execute a settlement agreement, I must receive either (1)

*Peter*

Peter L. Skolnik, LLC
Of Counsel
Clark Guldin
20 Church Street
Suite 15
Montclair, NJ 07042
direct: (973) 474-2311
mobile: (973) 476-5625
pskolnik@clarkguldin.com
http://clarkguldin.com/peter-l-skolnik/

This message contains confidential information, intended only for the person(s) named above, which may also be privileged. Any use, distribution, copying or disclosure by any other person is strictly prohibited. In such case, you should delete this message and

Re: Question

kindly notify the sender via reply e-mail. Please
advise immediately if you or your employer does not
consent to Internet e-mail for messages of this kind.


Sent from my iPhone 8+


--
Andrew Gerber

**KG LAW** /// Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003

e: andrew@kgfirm.com

o: (212) 882-1320
w: kgfirm.com

To ensure compliance with requirements imposed by U.S. Treasury Regulations, Kushnirsky Gerber PLLC
informs you that any U.S. tax advice contained in this communication (including any attachments) was
not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any
transaction or matter addressed herein.

This message and its attachments are sent from a law firm and may contain information that is
confidential and protected by privilege from disclosure. If you are not the intended recipient, please
delete the message and attachments without printing, copying, forwarding, or saving them, and please
notify the sender immediately.


--
Andrew Gerber

**KG LAW** /// Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003

e: andrew@kgfirm.com

o: (212) 882-1320
w: kgfirm.com

To ensure compliance with requirements imposed by U.S. Treasury Regulations, Kushnirsky Gerber PLLC informs you

that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, please delete the message and attachments without printing, copying, forwarding, or saving them, and please notify the sender immediately.

--
Andrew Gerber

**KG LAW** /// Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003

e: [andrew@kgfirm.com](mailto:andrew@kgfirm.com)

o: (212) 882-1320
w: [kgfirm.com](http://kgfirm.com)

To ensure compliance with requirements imposed by U.S. Treasury Regulations, Kushnirsky Gerber PLLC informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, please delete the message and attachments without printing, copying, forwarding, or saving them, and please notify the sender immediately.