UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PABLO BRUM, BRIANNA BULSKI,
KJERSTI FARET, SARA M. LYONS,
MARISA RAVEL, AND KATIE THIERJUNG

        Plaintiffs,

   v.

PARAGON DESIGN CORP,
STEVEN MADDEN, LTD., AND
ZULILY LLC,

        Defendants.

Case No.: 1:18-cv-05399-JMF-KNF

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ENFORCE SETTLEMENT**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………..…..…..…1

STATEMENT OF RELEVANT FACTS……………………………………………..…..…..…1

ARGUMENT……………………………………………………………………………….……..5

A.   Federal and State Law Permit Parties to Enter into Oral Settlement Agreements……..….6

B.   This Court Has the Power to Enforce This Binding Settlement Agreement………......….6

C.   The Parties' Settlement Agreement Is Enforceable…………………………….....………7

    1.   No Express Reservation………………………………………….…..……….…..8

    2.   Partial Performance……………………………………….….……….…..……..9

    3.   All Material Terms Have Been Agreed Upon……………………………….....…10

    4.   Type of Agreement…………………………………………………….…………..11

D.   The Material Terms of the Settlement Agreement………………………………....…….12

E.   Attorneys' Fees, Costs, and Interest Should Also Be Awarded to Plaintiffs…….............13

CONCLUSION…………………………………………………………………….....………..13

# **TABLE OF AUTHORITIES**

**Cases**

*Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*, 145 F.3d 543 (2d Cir.1998) ................................ 8, 9
*Aguiar v. New York*, No. 06 CIV. 03334 (THK), 2008 WL 4386761 (S.D.N.Y. Sept. 25, 2008), *aff'd as modified*, 356 F. App'x 523 (2d Cir. 2009) ............................................................ 5, 11
*Bonnette v. Long Island Coll. Hosp.*, 3 N.Y.3d 281 (2004) ............................................................ 7
*Carson Optical, Inc. v. Hawk Importers, Inc.*, 12 Civ. 1169 (GRB), 2013 WL 5740452 (E.D.N.Y. Oct. 10, 2013) ............................................................................................................. 11
*Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320 (2d Cir. 1997) ....................................... 6, 7, 8
*Delyanis v. Dyna–Empire, Inc.*, 465 F.Supp.2d 170 (E.D.N.Y.2006) ............................................ 8
*Elliot v. City of New York*, 11 Civ. 7291(RWS), 2012 WL 3854892 (S.D.N.Y. Sept. 5, 2012) .... 6
*Guardian Life Ins. Co. of Am. v. Calkins*, 12 Civ. 8863 (JGK), 2014 WL 61475 (S.D.N.Y. Jan. 6, 2014) ....................................................................................................................................... 7
*Hallock v. State*, 64 N.Y.2d 224 (1984) ......................................................................................... 7
*Jackson v. New York City Dep't of Educ.*, 10 Civ. 9193 (DLC), 2012 WL 1986593 (S.D.N.Y. June 4, 2012) .......................................................................................................................... 10
*Janus Films, Inc. v. Miller*, 801 F.2d 578 (2d Cir.1986) ............................................................... 6
*Jordan Panel Sys., Corp. v. Turner Const. Co.*, 841 N.Y.S.2d 561 (1st Dep't 2007) ..................... 8
*Lopez v. City of New York*, 242 F. Supp. 2d 392 (RLE) (S.D.N.Y. 2003) .......................... 8, 10, 11
*Milner v. City of New York*, No. 10 CIV. 9384 (JGK) (GWG), 2012 WL 3138110 (S.D.N.Y. Aug. 2, 2012), *report and recommendation adopted*, No. 10 CIV. 9384 (JGK), 2012 WL 6097111 (S.D.N.Y. Dec. 10, 2012) ......................................................................................... 11
*Monaghan v. SZS Assocs.*, 73 F.3d 1276 (2d Cir. 1996) ................................................................ 6
*Mtgs & Exp'tns Inc. v. Tandy Corp.*, 490 F.2d 714 (2d Cir.1974) ................................................. 6
*Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437 (2d Cir.2005) .................................................... 6
*Powell v. Omnicom, BBDO/PHD*, 497 F.3d 124 (2d Cir. 2007) .......................................... *passim*
*Pullman v. Alpha Media Pub., Inc.*, No. 12-CV-01924 (PAC)(SN), 2014 WL 5043319 (S.D.N.Y. Mar. 14, 2014) .............................................................................................................. 6, 7, 8, 10
*R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69 (2d Cir.1984) ............................................... 8
*Rhodes v. Davis*, 628 F. App'x 787 (2d Cir. 2015) ...................................................................... 13
*Stone Key Partners LLC v. Monster Worldwide, Inc.*, No. 17-CV-3851 (JMF), 2018 WL 3821629 (S.D.N.Y. Aug. 10, 2018) ........................................................................................ 13
*Teachers Ins. & Annuity Ass'n v. Tribune Co.*, 670 F.Supp. 491 (PNL)(S.D.N.Y.1987) ............... 7
*U.S. Fire Ins. Co. v. Pierson & Smith, Inc.*, 06 Civ. 382(CM)(LMS), 2007 WL 4403545 (S.D.N.Y. Dec. 17, 2007) .......................................................................................................... 6
*U.S. v. Bank of New York*, 14 F.3d 756 (2d Cir.1994) ................................................................... 6
*United States v. U.S. Currency in the Sum of Six Hundred Sixty Thousand, Two Hundred Dollars ($660,200.00), More or Less*, 423 F.Supp.2d 14 (E.D.N.Y.2006) .......................................... 10
*Waite v. Schoenbach*, 10 Civ. 3439(RMB)(JLC), 2011 WL 3425547 (S .D.N.Y. Aug. 5, 2011) *report and recommendation adopted*, WL 6326115 (S.D.N.Y. Dec. 16, 2011) ....................... 11
*Willgerodt v. Hohri*, 953 F.Supp. 557 (S.D.N.Y.1997), *aff'd sub nom. Majority Peoples' Fund for 21st Century, Inc. v. Hohri*, 159 F.3d 1347 (2d Cir.1998) ....................................................... 7
*Winston v. Mediafare Entm't Corp.*, 777 F.2d 78 (2d Cir.1986) ............................................... 7, 8

## PRELIMINARY STATEMENT

Plaintiffs Pablo Brum, Brianna Bulski, Kjersti Faret, Sara M. Lyons, Marisa Ravel, and Katie Thierjung ("Plaintiffs") seek to enforce an oral settlement agreement reached between Plaintiffs and Defendant Paragon Design Corp. ("Paragon") at the October 24, 2018 Settlement Conference held before Judge Fox (the "Settlement Conference") in this Action. The terms of the settlement agreement were agreed upon and thereafter put on the record in open Court in the presence of the parties, who then confirmed their agreement to those terms and that the case was settled. Judge Fox entered a docket entry that same day that stated: "The case is settled."

As Plaintiffs were preparing a written settlement agreement to memorialize the oral agreement, Paragon communicated its insistence that settlement must now also include additional substantive terms that were never agreed to or even discussed previously. Paragon has now stated repeatedly that it will not honor any settlement without these additional terms and will refuse to sign any settlement agreement that does not contain these additional improper terms.

Plaintiffs and Paragon agreed on settlement on the specific terms that were read into the record at the Settlement Conference. Paragon is now improperly threatening to ignore that agreement and is using this as leverage to pressure Plaintiffs to accept Paragon's additional substantive terms that are unacceptable and form no part of the binding agreement. This constitutes an anticipatory breach of the settlement agreement.

## STATEMENT OF RELEVANT FACTS

This action commenced on June 14, 2018 with the filing of the Complaint in which Plaintiffs asserted claims for copyright infringement and removal of and use of false copyright management information against Paragon and other defendants. ECF No. 1.

1

On October 24, 2018, the parties attended a scheduled settlement conference before the Honorable Kevin Fox (the "Settlement Conference"). Declaration of Andrew Gerber in Support of Motion to Enforce Settlement ("Gerber Decl."), ¶ 3. At the Settlement Conference, Plaintiffs and Paragon reached an agreement on settlement and the material terms of the settlement agreement were read into the record in open Court. Gerber Decl., ¶ 4.

After the parties reached an agreement on the material terms of settlement, Paragon's representative Mr. Kim wanted to make a phone call to ensure that the material terms of the agreement could be finalized and placed on the record. The Court was briefly in recess while Mr. Kim made the phone call. Gerber Decl., ¶ 6.

Following his return, the Court went "back on the record with the material terms of the parties' respective agreements." Gerber Decl., ¶ 7.

The Court then asked Mr. Gerber, counsel for Plaintiffs: "Do you indicate with respect to Paragon Design Corporation the material terms of the agreement that your clients have reached with it to resolve the parties' dispute?" Mr. Gerber responded "Yes, Your Honor" and proceeded to read into the record the agreed-upon terms of the settlement agreement. Gerber Decl., ¶ 8.

Other than the Thirty-Five Thousand Dollar ($35,000) settlement amount that was already agreed upon, the remaining material terms of the settlement agreement were as follows:

(a) Paragon represents and warrants that the document provided by their attorney to us in an e-mail dated October 19th, 2018 is complete and accurate as to sales of the pins at issue in this Action;

(b) Plaintiffs release Paragon for conduct to the effective date of the settlement agreement at to the items circled and sale identified for those items in the document that counsel for Paragon provided to plaintiff counsel on October 19th, 2018;

(c) Payment from both defendants to be received by counsel for plaintiffs within 10 calendar days of the effective date of the agreement; and

(d) In the event of any action to enforce any material terms of the agreement, the prevailing party shall recover reasonable attorney's fees and costs in connection with such action.

Gerber Decl., ¶ 9.

Mr. Gerber then confirmed: "That's the extent of the material terms we've agreed upon" with respect to Paragon. Gerber Decl., ¶ 10.

The Court then asked Mr. Skolnik, counsel for Paragon: "Mr. Skolnik, was the recitation made by the plaintiff's counsel in harmony with your client's understanding of material terms and conditions under which your clients agreed to resolve its dispute with the plaintiffs?" Gerber Decl., ¶ 11.

Mr. Skolnik, counsel for Paragon, responded: "It was, Your Honor, with one exception, which was that I believe the representation was that the payment will be made within 10 days of the effective date of the agreement. Unless we know what the effective date is, it seems to me that it should be within 10 days of the execution date." Gerber Decl., ¶ 12. Mr. Gerber confirmed that this was acceptable to Plaintiffs. Gerber Decl., ¶ 13.

The Court then asked Paragon counsel: "Mr. Skolnik, are there any other terms and conditions under which your client have agreed to resolve their dispute with the plaintiff?" Mr. Solnick responded: "<u>No, Your Honor, that covers it.</u>" Gerber Decl., ¶ 14. (emphasis added).

The Court then asked Mr. Gerber whether there are "any other material terms and conditions under which your clients have agreed to resolve their dispute with Paragon Design, that is, other than those you recited as modified by Mr. Skolnik moments ago?" I responded: "There are not." Gerber Decl., ¶ 15.

Following the settlement conference, Plaintiffs' counsel began drafting agreements with Paragon and Zulily that memorialized the settlement agreement the parties reached in Court that afternoon. Gerber Decl., ¶ 16.

That evening, the Court filed a text-only docket entry that stated: "The case is settled."

The following afternoon, Mr. Skolnik, counsel for Paragon, emailed Mr. Gerber and stated: "before I will permit [Paragon] to execute a settlement agreement, I must receive either (1) whatever proof you believe establishes inaccuracy of the sales report, or (2) your confirmation that the settlement agreement will contain language confirming plaintiffs' acceptance of the report's accuracy as final and equivalent to res judicata." Gerber Decl., ¶ 17.

That evening, Mr. Gerber responded: "We cannot possibly accept the accuracy of the numbers provided. Our agreement on this settlement was based upon the numbers your client provided and his representation that these numbers were accurate… We absolutely cannot agree to the additional terms you mention below." Gerber Decl., ¶ 18.

Mr. Skolnik responded with the insistence that Mr. Gerber "put up or shut up." Gerber Decl., ¶ 19.

Following a further exchange of emails, Mr. Skolnik confirmed that "If the draft agreement you prepare leaves this possibility open, it will not be signed by Paragon." Gerber Decl., ¶ 20.

The following morning, Mr. Gerber responded: "Based on your emails, it is clear that Paragon is not going to honor the settlement that was reached and read into the record at the settlement conference with Judge Fox." Gerber Decl., ¶ 21.

Mr. Skolnik later confirmed that Paragon would not accept any settlement without Plaintiffs' agreeing to accept Paragon's additional terms. Gerber Decl., ¶ 22.

## ARGUMENT

It is undisputed that Plaintiffs and Paragon attended a settlement conference before Magistrate Judge Kevin N. Fox on October 24, 2018, that the parties reached an agreement at that conference regarding the terms of a settlement, that the terms of that settlement were stated on the record in open Court in the presence of Plaintiffs and Paragon and their respective attorneys, and that the parties confirmed their understanding of and agreement to the terms of settlement on the record. Paragon, now in an apparent change of heart, has refused to honor that agreement and is demanding that additional material terms be added to the agreed-upon settlement.

The Second Circuit has made it abundantly clear that "[w]hen a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences was incorrect." *Powell v. Omnicom, BBDO/PHD*, 497 F.3d 124, 128 (2d Cir. 2007) (enforcing settlement where parties entered into settlement on the record in open court and expressly assented on the record to those terms); *Aguiar v. New York*, No. 06 CIV. 03334 (THK), 2008 WL 4386761, at *4 (S.D.N.Y. Sept. 25, 2008), *aff'd as modified*, 356 F. App'x 523 (2d Cir. 2009)

Given Paragon's refusals and threats, Plaintiffs have been forced to file the instant motion and seek to enforce the settlement agreement that was read into the record in open Court on October 24, 2018.

5

**A. Federal and State Law Permit Parties to Enter into Oral Settlement Agreements**

An oral settlement agreement can be binding and enforceable under both federal and New York law. As such, given that "New York law and federal common law are materially indistinguishable" on this issue, Courts need not decide which law governs such enforceability. *See Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320, 322 (2d Cir. 1997); *Monaghan v. SZS Assocs.*, 73 F.3d 1276, 1284 n..3 (2d Cir. 1996); *Powell* at 129 n.1.

**B. This Court Has the Power to Enforce This Binding Settlement Agreement**

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Mtgs & Exp'tns Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir.1974) (internal citations omitted). Indeed, "[s]uch power is 'especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings.'" *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 444 (2d Cir.2005) (*quoting Janus Films, Inc. v. Miller*, 801 F.2d 578, 583 (2d Cir.1986)); *see also generally Pullman v. Alpha Media Pub., Inc.*, No. 12-CV-01924 (PAC)(SN), 2014 WL 5043319, at *6 (S.D.N.Y. Mar. 14, 2014) (report and recommendation adopted as modified and affirmed).

A settlement agreement is a "contract that is interpreted according to general principles of contract law." *Omega Eng'g.*, 432 F.3d at 443. Once a court finds that parties reached a settlement agreement, the prevailing view is that such agreement is binding on all parties, even where disputes arise "between the time of the agreement ... and the time it is reduced to writing." *Elliot v. City of New York*, 11 Civ. 7291(RWS), 2012 WL 3854892, at *2 (S.D.N.Y. Sept. 5, 2012); *accord U.S. v. Bank of New York*, 14 F.3d 756, 759 (2d Cir.1994); *U.S. Fire Ins. Co. v. Pierson & Smith, Inc.*, 06 Civ. 382(CM)(LMS), 2007 WL 4403545, at *3 (S.D.N.Y. Dec. 17, 2007) (stating that, where a party has entered into a settlement agreement, "the party cannot avoid the settlement by refusing

to sign the papers that would memorialize the terms of the agreement that were reported to the court"). A presumption in favor of enforcement reflects the value that courts place on negotiated settlement agreements. *Willgerodt v. Hohri*, 953 F.Supp. 557, 560 (S.D.N.Y.1997), *aff'd sub nom. Majority Peoples' Fund for 21st Century, Inc. v. Hohri*, 159 F.3d 1347 (2d Cir.1998) ("Settlement agreements are strongly favored in New York and may not be lightly cast aside."); *Hallock v. State*, 64 N.Y.2d 224, 230 (1984); *Pullman* at *7.

Parties may enter and be bound by a settlement agreement without signing a fully executed contract. *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78 (2d Cir.1986); *Bonnette v. Long Island Coll. Hosp.*, 3 N.Y.3d 281 (2004) (recognizing that the court may enforce a settlement agreement that is not reduced to writing). "Preliminary agreements" that address all negotiated terms are enforceable, even if they are oral, *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir.1997), and contemplate a subsequent memorialization in an executed document, *Teachers Ins. & Annuity Ass'n v. Tribune Co.*, 670 F.Supp. 491, 498 (S.D.N.Y.1987) (PNL); *Pullman* at *7.

### C. The Parties' Settlement Agreement Is Enforceable

Applying New York law, the Court of Appeals for the Second Circuit adopted a four factor test (the "*Winston* factors") to determine whether an oral or unsigned settlement agreement is enforceable: whether (1) there has been an express reservation of the right not to be bound in the absence of a writing; (2) there has been partial performance of the contract; (3) all of the terms of the alleged contract have been agreed upon; and (4) the agreement at issue is the type of contract that is usually committed to writing. *Winston*, 777 F.2d at 80; *Guardian Life Ins. Co. of Am. v. Calkins*, 12 Civ. 8863(JGK), 2014 WL 61475, at *2 & n. 1 (S.D.N.Y. Jan. 6, 2014) (applying the *Winston* factors and noting that "*Winston* was decided under New York law"); *Kowalchuk v. Stroup*, 873 N.Y.S.2d 43, 47–48 (1st Dep't 2009) (applying the Winston factors). These factors

"may be shown by oral testimony or by correspondence or other preliminary or partially complete writings." *Winston* at 81 (internal quotation omitted).

Here, all four *Winston* factors weigh in favor of enforcing the oral settlement agreement that was read into the record in open Court at the October 24, 2018 settlement conference.

1. **No Express Reservation**

The first *Winston* factor concerns whether the parties intended to consent to a binding agreement in the absence of a signed writing. *See Ciaramella*, 131 F.3d at 324 (analyzing the "express reservation" factor by determining whether there are "indications in the proposed settlement agreement that the parties did not intend to bind themselves until the settlement had been signed"). This factor looks to the "language of the agreement" and is thus "the most important" consideration. *Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*, 145 F.3d 543, 549 (2d Cir.1998) (internal quotation marks omitted).

Under New York law, a party's intent to reserve the right not to be bound in the absence of a writing is shown objectively by "'forthright, reasonable signals that it means to be bound only by a written agreement.'" *Jordan Panel Sys., Corp. v. Turner Const. Co.*, 841 N.Y.S.2d 561, 565 (1st Dep't 2007) (quoting *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 75 (2d Cir.1984)). "Even if the parties agreed to the settlement in open court with the intent to draft and sign a written settlement agreement and general release, this does not satisfy the express reservation requirement [to find an oral settlement agreement not enforceable*]*." *Lopez v. City of New York*, 242 F. Supp. 2d 392, 393 (S.D.N.Y. 2003) (RNE); *see also Delyanis v. Dyna–Empire, Inc.*, 465 F.Supp.2d 170 (E.D.N.Y.2006) (finding that the parties intended to be bound despite references to a future formalized agreement that had not yet been executed); *see generally Pullman* at *10.

Plaintiffs and Paragon explicitly consented on the record to be bound by the settlement agreement at the October 24, 2018 settlement conference. After the material terms of settlement were read into the record at the Settlement Conference, the Court asked Paragon counsel whether there were any other terms and conditions under which your client have agreed to resolve their dispute with the plaintiff. Counsel for Paragon responded: "No, Your Honor, that covers it." Gerber Decl., ¶ 14.

Plaintiffs and Paragon clearly intended to be bound by the terms as stated on the record and no party made any indication of a desire to not to be bound in the absence of a signed writing. The parties' expectation that there would be a follow-up written settlement agreement containing the material terms of the settlement agreement agreed upon in Court does not change the fact that a binding settlement agreement still exists. "Parties may enter into a binding contract orally, and the intention to commit an agreement to writing, standing alone, will not prevent contract formation." *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007). "The settlement remains binding even if a party has a change of heart between the time he agreed to the settlement and the time those terms are reduced to writing." *Id.* "[T]he fact that the settlement was never reduced to writing is insufficient to render the settlement nonbinding." *Id.*

This factor therefore strongly favors finding that the settlement agreement is enforceable and is itself the "most important" consideration. *Adjustrite Sys., Inc.* at 549.

2. **Partial Performance**

There was partial performance of the settlement agreement. After the settlement conference, counsel for Plaintiffs began drafting settlement agreements with both Paragon and Zulily LLC ("Zulily"), the other remaining defendant with whom Plaintiffs had also reached settlement at the settlement conference. Plaintiffs and Zulily have already exchanged drafts, and

9

Plaintiffs began drafting the settlement agreement with Paragon and indicated as much to Paragon counsel. The parties also agreed to further suspend Paragon and Zulily's deadlines to respond to pending discovery requests by two weeks while the parties finalized the anticipated written settlement agreements that would memorialize the oral settlement agreements that were read into the record in open Court at the October 24, 2018 settlement conference. This factor favors enforcement. *See Jackson v. New York City Dep't of Educ.*, 10 Civ. 9193 (DLC), 2012 WL 1986593, at *3 (S.D.N.Y. June 4, 2012); *United States v. U.S. Currency in the Sum of Six Hundred Sixty Thousand, Two Hundred Dollars ($660,200.00), More or Less*, 423 F.Supp.2d 14, 28–29 (E.D.N.Y.2006); *Pullman* at *11.

### 3. All Material Terms Have Been Agreed Upon

The parties stated on the record that there were no further additions to the material terms read into the record at the Settlement Conference. *See* Gerber Decl., ¶ 14. Though Paragon is now arbitrarily demanding that additional material terms be added to the settlement agreement, Paragon did not raise these terms at any time during or before the execution of the settlement agreement on October 24, 2018. *See Lopez*, 242 F.Supp.2d at 394 ("Although the parties are disputing the addition of certain terms to the settlement, at no time before this Court did either party raise these issues."). Indeed, Paragon's sole reason for refusing to honor the settlement agreement is that it is now improperly demanding that additional material terms be added to the existing agreement.

As noted, the parties stated clearly that they did not have any material terms to add to the ones recited on the record. Here, the points of contention that arose after the settlement conference do not demonstrate the parties' intent to not be bound at the time of making the agreement on the record. At the settlement conference, the parties never disputed the material terms of the agreement, all of which were agreed upon and read into the record in detail. *Carson Optical, Inc.*

*v. Hawk Importers, Inc.*, 12 Civ. 1169(GRB), 2013 WL 5740452, at *6 (E.D.N.Y. Oct. 10, 2013) (findings that this factor favored enforcement where the record transcript showed that, in addition to agreeing to the material terms, the "parties attended to ... minute details" such as the method of payment and the court's retention of jurisdiction); *Milner v. City of New York*, No. 10 CIV. 9384 (JGK) (GWG), 2012 WL 3138110, at *5 (S.D.N.Y. Aug. 2, 2012), *report and recommendation adopted*, No. 10 CIV. 9384 (JGK), 2012 WL 6097111 (S.D.N.Y. Dec. 10, 2012) (factor favors enforcement where "the Court stated that it was placing the 'terms of the settlement' on the record and asked counsel if there was 'anything else,'" and "No other terms were stated"); *see also Aguiar* at *8.

Plaintiffs and Paragon agreed on all material terms of settlement at the settlement conference. This factor favors finding the agreement enforceable.

**4. Type of Agreement**

The final factor considers whether the purported agreement is the type of contract that is generally reduced to writing in New York. Where an oral settlement agreement was stated on the record, courts have largely presumed that this factor favors enforcement because "announcing the terms of an agreement on the record in open court ... function[s] in a manner akin to that of a memorializing writing." *Powell*, 497 F.3d at 131. Some courts have more literally treated on-the-record settlement agreements as writings, thus automatically tilting this factor in favor of enforcement. *See, e.g., Lopez*, 242 F.Supp.2d at 394 ("[A]lthough this is the type of contract normally reduced to writing, the agreement on record in open court counts as a writing, and thus this factor favors the finding of a settlement."); *Waite v. Schoenbach*, 10 Civ. 3439(RMB)(JLC), 2011 WL 3425547, at *8 (S .D.N.Y. Aug. 5, 2011) *report and recommendation adopted*, WL 6326115 (S.D.N.Y. Dec. 16, 2011) ("This agreement, without reservation, on the record in open

court effectively counts as a writing[.]") (internal quotation marks omitted); *Powell* at 129.

Paragon was represented by veteran counsel in this Action and at the Settlement Conference. Paragon and its counsel were well-aware that the settlement agreement had been reached at the settlement conference and offered no objections, reservations, or additions to the material terms of settlement when they were read into the record. In fact, Paragon's principal Mr. Kim paused the initial recitation of the materials terms of settlement into the record so that he could call his office and again confirm the accuracy of Paragon's sales document that would be part of the settlement agreement. After Mr. Kim confirmed the accuracy of that sales document, the Court went back on the record and the material terms were recited and confirmed.

This oral settlement agreement, negotiated between counsel at a settlement conference, is akin to that of a memorialized writing. This factor also weighs in favor of enforcing the settlement agreement.

All four Winston factors favor enforcement of the settlement agreement. The parties agreed on settlement at the settlement conference, no party reserved any rights, the parties began drafting the written settlement agreements that memorialized the oral settlement agreement, all material terms were discussed and agreed upon and read into the record in open Court, and this was an on-the-record settlement agreement that Courts find equivalent to a written settlement agreement.

D.  **The Material Terms of the Settlement Agreement**

The material terms of the settlement agreement were agreed to and read into the record in open Court at the October 24, 2018 settlement conference before Judge Fox after Plaintiffs and Paragon agreed on a $35,000 settlement number. No additional terms were requested and no party made any reservation of rights as to additional terms. Paragon's insistence that new material terms

now be added is baseless. Paragon and its counsel had every opportunity to raise any additional material terms at the settlement conference and discuss their inclusion in the settlement agreement. It did not. It cannot now threaten to ignore the settlement agreement unless Plaintiffs cave to its improper demand.

### E. Attorneys' Fees, Costs, and Interest Should Also Be Awarded to Plaintiffs

As this Action now also includes enforcement of the settlement agreement in the face of Paragon's anticipatory breach of that agreement, pursuant to the agreed-upon material term of the settlement agreement, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs in connection with this motion as well as pre-judgment interest. *Rhodes v. Davis*, 628 F. App'x 787, 791 (2d Cir. 2015) (repudiating agreement by insisting on terms that were not agreed to in agreement constitutes anticipatory breach; awarding fees pursuant to agreement; awarding interest under New York law); *Stone Key Partners LLC v. Monster Worldwide, Inc.*, No. 17-CV-3851 (JMF), 2018 WL 3821629, at *14 (S.D.N.Y. Aug. 10, 2018) (awarding prejudgment interest).

### CONCLUSION

Plaintiffs therefore respectfully request that the Court grant the instant motion, enforce the material terms of the settlement agreement:

(a) Thirty-Five Thousand Dollar ($35,000) settlement amount;

(b) Paragon represents and warrants that the document provided by their attorney to us in an e-mail dated October 19th, 2018 is complete and accurate as to sales of the pins at issue in this Action;

(c) Plaintiffs release Paragon for conduct to the effective date of the settlement agreement at to the items circled and sale identified for those items in the document that counsel for Paragon provided to plaintiff counsel on October 19th, 2018;

(d) Payment from both defendants to be received by counsel for plaintiffs within 10 calendar days of the effective date of the agreement; and

(e) In the event of any action to enforce any material terms of the agreement, the prevailing party shall recover reasonable attorney's fees and costs in connection with such action.

Plaintiffs further request that the Court award Plaintiffs their reasonable attorneys' fees and costs in connection with this motion, award prejudgment interest on the $35,000 settlement amount, and whatever additional relief the Court deem just and proper.

Dated: New York, New York
October 30, 2018

KUSHNIRSKY GERBER PLLC

By: _____
Andrew Gerber (AG 0779)
Penelope Fisher-Birch (PFB 8019)
andrew@kgfirm.com
penelope@kgfirm.com
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiffs Pablo Brum, Brianna Bulski, Kjersti Faret, Sara M. Lyons, Marisa Ravel, and Katie Thierjung*