# EXHIBIT 1

## Peter Skolnik

**From:** Peter Skolnik
**Sent:** Tuesday, November 13, 2018 3:30 PM
**To:** Peter Skolnik
**Subject:** Full email exchange with Andrew Gerber

**From:** Peter Skolnik <pskolnik@clarkguldin.com>
**Date:** October 26, 2018 at 4:28:56 PM EDT
**To:** Andrew Gerber <andrew@kgfirm.com>
**Cc:** Ilya Kushnirsky <ilya@kgfirm.com>, "penelope@kgfirm.com" <penelope@kgfirm.com>, Peter Skolnik <pskolnik@clarkguldin.com>
**Subject: Re: Question**

Andrew:

My reputation for honesty and integrity is far more seasoned than yours.

There is a general expectation that attorneys won't lie to adversaries and the court. I don't like or respect lawyers who do so, or who dance around to avoid answering direct questions.

My tone and demeanor will change when you acknowledge — explicitly or implicitly — that your assertion of possessing *proof* that my client was lying was itself untrue.

Peter L. Skolnik, LLC
Of Counsel
Clark Guldin
20 Church Street
Suite 15
Montclair, NJ 07042
direct: (973) 474-2311
mobile: (973) 476-5625
pskolnik@clarkguldin.com
http://clarkguldin.com/peter-l-skolnik/


On Oct 26, 2018, at 3:26 PM, Andrew Gerber <andrew@kgfirm.com> wrote:

Peter,

There is an expectation that attorneys will generally conduct themselves professionally and treat each other respectfully and courteously.  As your emails have now repeatedly evidenced your unwillingness to do so, we will no longer be communicating with you directly until and unless you confirm that your tone and demeanor will be changing.
--
Andrew Gerber

KG LAW /// Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003

1

On 10/26/2018 1:37 PM, Peter Skolnik wrote:

What is clear is either (1) you lied to the court, to me and my client and to your own clients and are too embarrassed to admit it; or (2) you knowingly, deviously and unethically entered into a sham agreement.

I continue to hope it was only #1 and that you will send me a draft tacitly admitting that fact. If so, we have a settlement; if not, we don't.


Peter L. Skolnik, LLC
Of Counsel
Clark Guldin
20 Church Street
Suite 15
Montclair, NJ 07042
direct: (973) 474-2311
mobile: (973) 476-5625
pskolnik@clarkguldin.com
http://clarkguldin.com/peter-l-skolnik/


On Oct 26, 2018, at 8:36 AM, Andrew Gerber <andrew@kgfirm.com> wrote:

Peter,

Based on your emails, it is clear that Paragon is not going to honor the settlement that was reached and read into the record at the settlement conference with Judge Fox.
--
Andrew Gerber

**KG LAW** /// Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003


On 10/25/2018 9:35 PM, Peter Skolnik wrote:

You represented to the court that you possess proof that Paragon's sales figures are a lie — not that you might later discover such proof, but that you already have it.

If you then agreed to a settlement with the intention to later assert a breach using proof you already **have,** your agreement is a sham.

If the draft agreement you prepare leaves this possibility open, it will not be signed by Paragon.

Be guided accordingly.

Peter L. Skolnik, LLC
Of Counsel
Clark Guldin
20 Church Street
Suite 15

2

Montclair, NJ 07042
direct: (973) 474-2311
mobile: (973) 476-5625
pskolnik@clarkguldin.com
http://clarkguldin.com/peter-l-skolnik/

On Oct 25, 2018, at 8:44 PM, Andrew Gerber <andrew@kgfirm.com> wrote:

Peter,

As you know, we raised our concerns about the accuracy of your client's numbers at the settlement conference. After doing so, you stated that this was the first time in your career that you were less convinced of a party's position. Having dismissed the issue there, your client again reiterated the accuracy of the numbers he provided. We even paused the conference so that he could confirm their accuracy again. Given this, we were left with your client's confirmed representation as to their accuracy.

Based on this, we then agreed on the settlement number based on these representations and on the accuracy of those numbers. This is why we insisted on this being a material term of settlement. We discussed this, it was agreed to, and it was read into the record.

We are preparing the Settlement Agreement draft for your review.
--
Andrew Gerber

**KG LAW** /// Kushnirsky Gerber PLLC
17 Union Square West, Suite 301
New York, NY 10003

On 10/25/2018 7:06 PM, Peter Skolnik wrote:

I am saying you made a representation to the court that I'm requiring you to stand by or withdraw. I am perfectly willing to address the matter further with Judge Fox.

It is your unwillingness to support your own representation that is unprofessional and improper, and worse.

Peter L. Skolnik, LLC
Of Counsel
Clark Guldin
20 Church Street
Suite 15
Montclair, NJ 07042
direct: (973) 474-2311
mobile: (973) 476-5625
pskolnik@clarkguldin.com
http://clarkguldin.com/peter-l-skolnik/

On Oct 25, 2018, at 7:00 PM, Andrew Gerber <andrew@kgfirm.com> wrote:

Peter,

Your tone is utterly unprofessional and improper.

We discussed all of this at length at the settlement conference yesterday. We agreed to put these material terms on the record. We are not providing you with anything. These are your client's numbers and they are the ones that need to confirm their accuracy, which they did, repeatedly. As I said, our agreement on settlement was based on the numbers your client provided.

If you are now refusing to settle on these material terms, you are rescinding the settlement we agreed to yesterday. If that's the case, please let me know immediately so we can inform the Court.
--

Andrew Gerber

KG LAW /// Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003


On 10/25/2018 6:56 PM, Peter Skolnik wrote:

Andrew:
You stated you have proof of inaccuracy. I'm asking you to put up or shut up. Saying you "have no idea" — when you represented to the court you have proof — isn't acceptable. If you have proof, reveal it.

Peter L. Skolnik, LLC
Of Counsel
Clark Guldin
20 Church Street
Suite 15
Montclair, NJ 07042
direct: (973) 474-2311
mobile: (973) 476-5625
pskolnik@clarkguldin.com
http://clarkguldin.com/peter-l-skolnik/


On Oct 25, 2018, at 6:52 PM, Andrew Gerber <andrew@kgfirm.com> wrote:

Peter,

We have no idea if the numbers provided by your client are accurate or not.

This is why we asked you to confirm their accuracy over email, which you did. Before we entered this material element of settlement into the record, your client again confirmed that the numbers were accurate. But we have no idea if they are. This is precisely why we insisted on these material elements of settlement. We assume they are accurate but have no idea if they are.

We cannot possibly accept the accuracy of the numbers provided. Our agreement on this settlement was based upon the numbers your client provided and his representation that these numbers were accurate.

Also, the attorneys' fees provision applies to the prevailing party so if you think we're trying to pull some trick here, your client can recover attorneys' fees from us if we do so.

4

We are preparing a draft settlement agreement that includes the material settlement terms we agreed to and read into the record yesterday. We absolutely cannot agree to the additional terms you mention below, for reasons discussed above.

Andrew Gerber

**KG LAW** /// Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003

On 10/25/2018 3:37 PM, Peter Skolnik wrote:

Andrew:
In your initial presentation to Judge Fox you represented that you can prove the sales data I sent you is incorrect. You did not state if you believe your "proof" establishes an error of $1 or $1 million.

Paragon has now twice confirmed it is correct. By requiring that the report I sent you be attached to the settlement agreement, I construe you to have accepted its accuracy.

Nevertheless, since the agreement permits you to sue and collect attorney's fees for breach, I am concerned that you might intend to deny you have accepted that the report is accurate, and file another suit against Paragon using whatever "proof" you believe you have to try to establish breach.

Paragon needs this settlement to establish repose. Accordingly, before I will permit them to execute a settlement agreement, I must receive either (1) whatever proof you believe establishes inaccuracy of the sales report, or (2) your confirmation that the settlement agreement will contain language confirming plaintiffs' acceptance of the report's accuracy as final and equivalent to *res judicata*.

*Peter*

Peter L. Skolnik, LLC
Of Counsel
Clark Guldin
20 Church Street
Suite 15
Montclair, NJ 07042
direct: (973) 474-2311
mobile: (973) 476-5625
pskolnik@clarkguldin.com
http://clarkguldin.com/peter-l-skolnik/

5