**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |
|---|---|
| PABLO BRUM, BRIANNA BULSKI, | : |
| KJERSTI FARET, SARA M. LYONS, | :    Case No.: 1:18-cv-05399-JMF-KNF |
| MARISA RAVEL, AND KATIE THIERJUNG | : |
|  | : |
| Plaintiffs, | : |
| v. | : |
|  | : |
| PARAGON DESIGN CORP, | : |
| STEVEN MADDEN, LTD., AND | : |
| ZULILY LLC, | : |
|  | : |
| Defendants. | : |

_____

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
## MOTION TO ENFORCE SETTLEMENT

# TABLE OF AUTHORITIES

**Cases**

*Bernard v. Galen Grp., Inc.*, 901 F. Supp. 778 (S.D.N.Y. 1995) ................................................ 4,5

*Calka v. Kucker Kraus & Bruh*, 167 F.3d 144 (2d Cir. 1999) ...................................................... 4

*Edelstein v. 360 Sports Mgmt., Inc.*, No. 15 CIV. 2077 (PAE), 2017 WL 1434476 (S.D.N.Y. Apr. 21, 2017) ................................................................................................................................... 1

*Powell v. Omnicom, BBDO/PHD*, 497 F.3d 124 (2d Cir. 2007) ................................................ 1,7

*Vacco v. Harrah's Operating Co.*, 661 F. Supp. 2d 186 (N.D.N.Y. 2009).................................. 1

*Winston v. Mediafare Entm't Corp.*, 777 F.2d 78 (2d Cir.1986) ................................................ 2

As is now fully apparent from the documents filed by Defendant Paragon Design Corp. ("Paragon") in opposition to the pending motion of Pablo Brum, Brianna Bulski, Kjersti Faret, Sara M. Lyons, Marisa Ravel, and Katie Thierjung ("Plaintiffs"), Paragon has no valid basis to challenge the settlement agreement that was reached at the October 24, 2018 settlement conference before Your Honor (the "Settlement Conference") and has acknowledged that a final, binding settlement agreement was reached.  Paragon is only now improperly rejecting the settlement agreement in bad faith because it changed its mind about the agreement it already confirmed and finalized.  The settlement agreement remains binding despite Paragon's confessed change of heart. *See Powell v. Omnicom, BBDO/PHD*, 497 F.3d 124, 129 (2d Cir. 2007) ("The settlement remains binding even if a party has a change of heart between the time he agreed to the settlement and the time those terms are reduced to writing."); *Vacco v. Harrah's Operating Co.*, 661 F. Supp. 2d 186, 197 (N.D.N.Y. 2009) ("the Court must enforce the settlement and dismiss the instant action regardless of whether, subsequent to settlement, an effort was made to re-write history"); *Edelstein v. 360 Sports Mgmt., Inc.*, No. 15 CIV. 2077 (PAE), 2017 WL 1434476, at *3 (S.D.N.Y. Apr. 21, 2017) (enforcing settlement where defendant "orally agreed to a settlement agreement on the record at the settlement conference" despite change of heart and future attempt to challenge to the settlement agreement).  Paragon submitted no memorandum of law, did not address any of Plaintiffs' arguments, failed to cite a single legal case in its opposition papers, and repeatedly relied on confidential settlement discussions in its filings with the Court.

Plaintiffs' motion should be granted and Paragon and its counsel should be sanctioned: Paragon's borderline-incomprehensible opposition filings demonstrate that it has no valid basis for its refusal to honor the settlement agreement.  Equally troubling is Paragon's and its counsel's

1

repeated disclosure of and reliance upon confidential settlement discussions that occurred at the Settlement Conference and thereafter.

### A. Paragon's Submissions in Opposition

In opposition to Plaintiffs' pending motion, Paragon submitted only a five-page Declaration of Peter L. Skolnik, Esq. ("Skolnik Decl."), an unredacted email exchange with Andrew Gerber, counsel for Plaintiffs, and a two-page Declaration of Jae Kim, President of Paragon ("Kim Decl."). These filings only serve to confirm that the parties reached a binding settlement agreement at the Settlement Conference and that the relevant *Winston* factors weigh in favor of granting Plaintiffs' motion. *See Winston v. Mediafare Entm't Corp.*, 777 F.2d 78 (2d Cir.1986). Paragon's opposition failed to even address the *Winston* factor analysis and the facts admitted in Defendants' declarations further support Plaintiffs' position.

Paragon admits that, at the Settlement Conference, the parties were discussing settlement "in an attempt to forge a mutually agreement settlement." Skolnik Decl., ¶ 6. "[T]o end the dispute, and to reach finality and 'repose,' Paragon agreed to pay Plaintiffs $35,000." *Id.* Paragon then admits that "the basic terms of settlement" among the parties "were agreed upon" and those terms were then read into the record. Skolnik Decl., ¶ 7.

Paragon argues that, despite reaching settlement, agreeing to the material terms, having them read into the record, and confirming their acceptance on the record, it was somehow unaware of those material terms and did not have an opportunity to consider, review, or scrutinize those material terms. Skolnik Decl., ¶ 8. This argument is belied by Paragon counsel's own statements on the record at the Settlement Conference: after the material terms of settlement were read into the record, the Court asked Mr. Skolnik, counsel for Paragon: "Mr. Skolnik, was the recitation made by the plaintiff's counsel in harmony with your client's understanding of material terms and

2

conditions under which your clients agreed to resolve its dispute with the plaintiffs?"  Transcript of the October 24, 2018 Settlement Conference (hereinafter, "Transcript" or "Tr."), a copy of which is attached as Exhibit A to the Declaration of Andrew Gerber filed in support of the pending motion, p 9.  Mr. Skolnik responded: "It was, Your Honor."  *Id.*  The Court then asked Paragon counsel: "Mr. Skolnik, are there any other terms and conditions under which your client have agreed to resolve their dispute with the plaintiff?"  Mr. Solnick responded: "No, Your Honor, that covers it."  Tr., p. 10.  The material terms are clear and reflect the complete, final agreement between the parties and Paragon repeatedly confirmed acceptance of those terms both on the record and again in its recent sworn declarations.

The record and both declarations submitted by Paragon make clear that the parties intended themselves to be bound by the agreement and otherwise made no reservation of rights.  Both Mr. Skolnik and Mr. Kim concede in their declarations that the settlement reached at the Settlement Conference was final and that they are only now attempting to improperly alter that agreement after-the-fact.

**B.   Paragon's Improper Disclosure of and Reliance on Settlement Discussions**

Paragon argues that its refusal to comply with the terms of the settlement agreement is based on Plaintiffs' counsel's "refusal to either stand by or deny his representation he had 'proof' that Paragon was lying" and makes repeated accusations without any support or basis for doing so.  Skolnik Decl., ¶ 9.  Paragon's entire opposition to the instant motion is based upon Mr. Skolnik's and Mr. Kim's disclosure of confidential discussions at the Settlement Conference and confidential settlement discussions between the parties.  This is grossly improper and is in clear violation of the Local Rules of the Southern District of New York, this Court's rules, and the Federal Rules of Civil Procedure.  This Court's "Procedures Applicable to Cases Referred for

3

Settlement To Magistrate Judge Kevin Nathaniel Fox" state that "[a]ll settlement conferences are 'off the record'" and this was reiterated by the Court at the Settlement Conference.

<u>In both declarations filed by Paragon in opposition to this motion, Mr. Skolnik and Mr. Kim repeatedly reference specific statements, discussions, and events from the Settlement Conference.</u>  Skonik Decl. ¶¶ 3, 5, 8, 11, 13, 14, 16, 20; Kim Decl. ¶¶ 2, 3, 5.  Mr. Skolnik and Paragon should be sanctioned for these flagrant, intentional violations.  *See Calka v. Kucker Kraus & Bruh*, 167 F.3d 144, 146 (2d Cir. 1999) (discussing the need to maintain confidentiality of settlement discussions in court settlement conferences because the disclosure of such communications 'would have a chilling effect' on the parties; and finding that disclosure was 'highly improper and will not be condoned.')(citation omitted); *Bernard v. Galen Grp., Inc*., 901 F. Supp. 778, 783 (S.D.N.Y. 1995) (DC) (awarding sanctions against attorney for disclosing content of settlement mediation in brief).  Paragon's bad faith refusal to honor the settlement agreement and its entire opposition to the instant motion is based on confidential settlement discussions at the Settlement Conference and later settlement discussions between the parties.

Plaintiffs redacted any and all settlement discussions from emails attached to their filings and did not mention anything from the Settlement Conference other than what was disclosed on the record.  Paragon, on the other hand, has included an entire email chain between the parties discussing settlement and has relied almost entirely upon off-the-record confidential discussions and events at the Settlement Conference. Indeed, every single document that Paragon filed in opposition to this motion violates the prohibition against disclosure of settlement discussions and off-the-record discussions at the Settlement Conference.  Paragon's disclosure of the settlement discussions and Settlement Conference statements have been made in bad faith and to undermine

4

the settlement process.  Sanctions are warranted and appropriate.  *See Bernard v. Galen Grp., Inc.* at 784.

Furthermore, Mr. Skolnik's statements to Plaintiffs' counsel that he himself has disclosed in his declaration and attached emails reflect repeated violations of this Court's civility standards and New York's Rules of Professional Conduct, further supporting sanctions against Paragon and Mr. Skolnik.  In both his emails and in his filed Declaration, Mr. Skolnik repeatedly accuses Plaintiffs' counsel of lying and deceit based solely on Mr. Skolnik's flawed narrative of improperly-disclosed confidential settlement discussions.

Plaintiffs will continue to refrain from violating the confidentiality of the settlement discussions and off-the-record discussions at the Settlement Conference.  These discussions are inadmissible and irrelevant to the current motion.  The parties reached a final resolution at the Settlement Conference and the material terms of settlement were agreed to and read into the record. If Paragon wished to address any of Plaintiffs' supposed statements or allegations or any other open issues, it had ample opportunity to do so at the Settlement Conference.  It did not, and instead repeatedly confirmed settlement on the record and now again in sworn declarations.  This case is settled.

C.  **Paragon Cannot Undo the Settlement Agreement Because It Changed Its Mind**

In both declarations filed in opposition to the pending motion, Paragon admits that it is now attempting to disrupt the settlement agreement because its President, Mr. Kim, had second thoughts about settlement after agreeing to settlement at the Settlement Conference.

One of the material terms of settlement was that Paragon represents and warrants that the document provided by their attorney to counsel for Plaintiffs in an e-mail dated October 19th, 2018 is complete and accurate as to sales of the pins at issue in this Action.  As reflected in the record,

Mr. Kim paused the proceedings during the Settlement Conference so that he could make a phone call to his company to ensure that he could agree to such terms. Tr., p. 7. The Court was briefly in recess while Mr. Kim made the phone call. Following his return, the Court went "back on the record with the material terms of the parties' respective agreements" and the Parties then accepted all the material terms of settlement on the record and settlement was finalized. Tr., p. 8. Paragon does not dispute that this occurred and has confirmed it in both declarations.

Mr. Kim acknowledges that, following the Settlement Conference, he was "worried" that there might be "something very wrong with [his] company's internal system for record-keeping about sales, or that one of [his] employees might have engaged in wrongdoing." Kim Decl., ¶ 5. Paragon was notified of the infringement at issue on December 26, 2016: it had nearly two years to conduct an internal investigation of any sourcing or sales of the infringing items at issue. Paragon confirmed the accuracy of the numbers prior to the Settlement Conference and Mr. Kim again confirmed their accuracy on a phone call during the Settlement Conference, as noted in the record.

Paragon is now insisting that Plaintiffs concede that the numbers Paragon provided are accurate, effectively providing a general release for Paragon. Skolnik Decl., ¶ 10. As reflected in the agreed-upon material terms of settlement, this is not at all what the parties agreed to. Paragon is now improperly disrupting settlement in an attempt to force Plaintiffs to now accept this significant change to the agreed-upon terms after-the-fact. Plaintiffs absolutely cannot do so and should not be forced to do so. The parties reached a final settlement agreement at the Settlement Conference and Paragon cannot now change its mind and force Plaintiffs to accept their additional unreasonable demands. "When a party makes a deliberate, strategic choice to settle, a court cannot

relieve him of that choice simply because his assessment of the consequences was incorrect."

*Powell v. Omnicom, BBDO/PHD*, 497 F.3d 124, 128 (2d Cir. 2007).

**<u>CONCLUSION</u>**

Plaintiffs therefore respectfully request that the Court grant the instant motion, enforce the material terms of the settlement agreement as set forth in Plaintiffs' Memorandum of Law, and grant all the additional relief requested therein.  Plaintiffs also respectfully request that the Court sanction Paragon and its counsel Peter Skolnik for the repeated settlement confidentiality violations and Code of Conduct violations addressed herein.


Dated:    New York, New York
          November 20, 2018

KUSHNIRSKY GERBER PLLC


By: _____
Andrew Gerber (AG 0779)
Penelope Fisher-Birch (PFB 8019)
andrew@kgfirm.com
penelope@kgfirm.com
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiffs Pablo Brum,*
*Brianna Bulski, Kjersti Faret, Sara M.*
*Lyons, Marisa Ravel, and Katie Thierjung*

7
