UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

PABLO BRUM et al.,

                            Plaintiffs,

     -v-

PARAGON DESIGN CORP.,

                            Defendant.

------------------------------------------------------------------------ X

18-CV-5399 (JMF) (KNF)

<u>ORDER ADOPTING
REPORT AND
RECOMMENDATION</u>

JESSE M. FURMAN, United States District Judge:

      Plaintiffs' motion for enforcement of a settlement agreement was referred to Magistrate Judge Fox for a Report and Recommendation. *See* Docket No. 43. In a Report and Recommendation, entered on May 16, 2019, Magistrate Judge Fox recommended that motion be granted. *See* Docket No. 54.

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Docket No. 54, at 10. In addition, the Report and Recommendation expressly called Defendant's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendant has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the motion and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. With respect to attorney's fees, the Court agrees with Magistrate Judge Fox's recommendation that fees be awarded, and further finds — upon review of the parties' submissions to this Court following the Report and Recommendation — that the fees sought by Plaintiffs ($12,600) are fair and reasonable, *see* Docket Nos. 57-59, and were incurred in the course of moving to enforce the settlement agreement. The Court declines to impose sanctions on Defendant and its counsel, as Plaintiffs request. *See* Docket No. 48.

Accordingly, the Report and Recommendation is ADOPTED in its entirety, and Defendant is ORDERED to pay Plaintiffs $12,600 in fees within thirty days of the date of this Order. The Clerk of Court is directed to terminate Docket No. 40 and to close the case.

SO ORDERED.

Dated: July 17, 2019
New York, New York

JESSE M. FURMAN
United States District Judge